**Aurelia Erickson**, OSB #126170
McGaughey Erickson
1500 SW 1st Ave, Ste 800
Portland, OR 97201
Telephone:  503-223-7555
aurelia@law7555.com

**Susan Bristow-Ford**, OSB #970362
Res Nova Law
1455 NW Irving Street, Ste 200
Portland, OR 97209
Telephone: 971-247-4023
susan@resnovalaw.com

Attorneys for:  Plaintiff Smoke Free LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SMOKE FREE LLC, an Oregon limited liability company,<br><br>      Plaintiff,<br><br>  v.<br><br>VAPESPOT LLC, an Oregon limited liability company,<br><br>      Defendant. | Case No. 3:16-cv-2060<br><br>COMPLAINT<br><br>(False Designation of Origin, Trademark Infringement, Unfair Competition, Dilution, Unjust Enrichment)<br><br>Jury Trial Demanded |

For its complaint, plaintiff Smoke Free LLC ("Smoke Free") alleges:

**COMPLAINT**                                            **Page 1**

## Nature of Case

1. This is an action for false designation of origin and unfair competition arising out of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. ("Lanham Act"); trademark infringement and unfair competition arising out of state common law; state trademark dilution and injury to business reputation under ORS 647.107; and unjust enrichment.

2. Defendant VapeSpot LLC ("Defendant") began operating a competing business in mid-2016 using a mark that is confusingly similar to plaintiff Smoke Free's established mark and assumed business name "Vape Spot." Defendant's use of this mark is likely to cause—and has actually caused—confusion, mistake or deception as to the affiliation, connection or association of Defendant with Smoke Free, or as to the nature of Smoke Free's goods and services and/or as to Smoke Free's affiliation with Defendant, and is likely to dilute the distinctive quality of Smoke Free's mark.

## Parties

3. Plaintiff Smoke Free is an Oregon limited liability company with its principal place of business in Portland, Oregon. Smoke Free has two members, Janna Collingwood and Rafe Hazza, individuals who reside in Oregon. Smoke Free has used the tradename and unregistered trademark "Vape Spot" for its vape shop and lounge since 2013.

4. Defendant VapeSpot LLC is an Oregon limited liability company doing business in Multnomah County, Oregon. Defendant's managing member and registered agent is Elizabeth DiPietro, who, upon information and belief, resides in Oregon.

## Jurisdiction & Venue

5. This court has jurisdiction of this civil action because it raises federal questions regarding

**COMPLAINT**  Page 2

trademarks and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et. seq.* This court has jurisdiction over this action under 28 U.S.C. §§ 1121,1331 and 1338 (federal questions) (relating to trademarks & unfair competition).

6. This court has supplemental jurisdiction of Smoke Free's common law claims under Oregon state law pursuant to 28 U.S.C. § 1367 because Smoke Free's state law and common law claims are so related to federal claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the Constitution of the United States.

7. This court has personal jurisdiction over Smoke Free and Defendant because each conducts business in the State of Oregon and within this district regarding the subject matter of this case.

8. Venue is proper in this district under 28 U.S.C. § 1391(a), (b) and (c). Defendant is a resident of the State of Oregon, a substantial part of the property that is the subject of this suit is situated in this district and judicial division, a substantial part of the events or omissions giving rise to the claims occurred in this division, and both Smoke Free and Defendant are subject to this court's personal jurisdiction with respect to this suit.

9. Pursuant to Local Rule 3-2(b), venue is proper in this division because a substantial part of the events or omissions giving rise to the claims occurred in this division and the property as issue is situated in this division.

## Background

10. Since 2013, Smoke Free has used the mark "Vape Spot" in connection with its vape shop and lounge on West Burnside Street in downtown Portland, Oregon.

**COMPLAINT** Page 3

11. Smoke Free has an established presence and clientele in Portland. Smoke Free also draws substantial tourist business for those visiting Portland from other states because of its downtown location and substantial business from Vancouver, Washington just across the Columbia River from Portland. The name "Vape Spot" is Smoke Free's registered assumed business name (Registry Nbr 1244261-98).

12. Smoke Free's target customer demographic is smokers of legal age who wish to stop smoking tobacco by instead vaping. Smoke Free's vape spot and lounge offers a welcoming, comfortable and non-intimidating environment in which to try vaping and vape-related products. Smoke Free also sells vape-related products.

13. Smoke Free has expended substantial amounts of time, effort and money developing, advertising and promoting its services and products under its "Vape Spot" tradename and trademark.

14. Smoke Free intentionally does not include marijuana-related products (medicinal or recreational) in its vape shop or as part of the lounge experience in an effort to make all customers feel welcome. Smoke Free specifically caters its business to a smoker community that often does not have a favorable view of marijuana use.

15. An internet provider created a domain name for Smoke Free when it first opened, but Smoke Free declined to use the domain name due to concerns about regulating internet marketing to minors. Instead Smoke Free maintains an online presence through Facebook (www.facebook.com/pdxvapespot) and Instagram (@pdxvapespot). Smoke Free does not sell any of its products over the internet.

16. In August 2016, Smoke Free's owners learned that Defendant opened a retail location

**COMPLAINT**                                                                                             **Page 4**

MCGAUGHEY ╫ ERICKSON
1500 SW 1st Ave, Ste 800
Portland, Oregon  97201
Tel (503) 223-7555 ● Fax (503) 525-4833
E-Mail: office@law7555.com

with the name "VapeSpot" on SE Division Street in Portland, Oregon.

17. Smoke Free first learned of Defendant's store after receiving several calls from vendors who had done business with Defendant's principal, Elizabeth DiPietro, at a convention in Las Vegas. These vendors sought payment from Defendant, but called Smoke Free's shop by mistake.

18. Upon information and belief, Defendant opened a retail location on SE Division in Portland in August, 2016. DiPietro registered the Defendant LLC with the Oregon Secretary of State on June 22, 2016. Defendant primarily sells cigars, tobacco, hookahs and smoking supplies including pipes, head glass, smokewear and accessories. In Oregon, where recreational and medicinal marijuana are legal, Defendant has focused its operations on marijuana users in addition to tobacco users.

19. Since learning of the opening of Defendant's store, Smoke Free has noted 2-3 calls per week from customers seeking to reach Defendant or seeking goods or services provided by Defendant, but not Smoke Free.

20. Since Defendant opened its retail location, Smoke Free has noticed an uptick in customer calls inquiring about marijuana-related products. Smoke Free now receives 1-2 such calls per day, which Smoke Free attributes to customer confusion related to Defendant's operations.

21. On or about October 12, 2016, Smoke Free received a call from a company called Captain Amsterdam trying to confirm payment of an order already placed for various "herbs" (specifically "Kratom" and "Argaric Mushrooms" which, upon information and belief, are often taken for their psychoactive qualities) currently under scrutiny by the

**COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 5**

MCGAUGHEY ╪ ERICKSON
1500 SW 1st Ave, Ste 800
Portland, Oregon  97201
Tel (503) 223-7555 ● Fax (503) 525-4833
E-Mail: office@law7555.com

FDA and the State of Oregon. Smoke Free does not offer such products and learned during that call the Captain Amsterdam intended to reach Defendant.

22. The call from Captain Amsterdam was extremely troubling to Smoke Free's owners because Smoke Free learned that Captain Amsterdam was being investigated by the FDA for products such as "Kratom." Smoke Free does not want to be associated with companies selling such products because it damages Smoke Free's goodwill among its vaping customer community. In addition, Smoke Free is concerned that Defendant's operations will continue to subject Smoke Free to unwanted confusion, mistake or deception as to the affiliation, connection or association of Defendant with Smoke Free, or as to the nature of Smoke Free's goods and services and/or as to Smoke Free's affiliation with Defendant and the products Defendant sells.

23. Upon information and belief, when Defendant opened its store in Portland, it did so with the knowledge of Smoke Free's vape shop and lounge and its use of the term "Vape Spot" as its tradename and trademark. Smoke Free had, and continues to maintain, a strong and established internet presence, as well as a central downtown location. Smoke Free is known in Oregon and Washington, at least, in connection with its "Vape Spot" mark. Smoke Free holds common law rights in the "Vape Spot" mark by virtue of Smoke Free's continuous and prior-existing use of this mark.

24. Defendant owns the domain name vapespot.com. On information and belief, this domain name had no content until March 2016 and was not used in commerce until Defendant began operating in Portland in August 2016.

25. DiPietro owns another LLC in Georgia also using the "VapeSpot" mark. That LLC was

**COMPLAINT**                                                                                                                                                                     **Page 6**

MCGAUGHEY ╬ ERICKSON
1500 SW 1st Ave, Ste 800
Portland, Oregon  97201
Tel (503) 223-7555 ● Fax (503) 525-4833
E-Mail: office@law7555.com

formed in February 2014 -- after Smoke Free's shop was opened in Oregon -- and the Georgia retail store and website use the mark "Village Smoke" rather than "VapeSpot."

## FIRST CLAIM

### (False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125 (a))

26. Plaintiff Smoke Free realleges and incorporates the allegations set for above in paragraphs 1 through 25.

27. Notwithstanding Smoke Free's well-established and prior existing use of the "Vape Spot" mark, Defendant has used Smoke Free's mark in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by various acts, including but not limited to, the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendant's products and services as those of Smoke Free, directly and/or secondarily, in violation of the Lanham Act.

28. Defendant's use of the infringing "VapeSpot" mark is without permission or authority of Smoke Free and Defendant's use is likely to cause – and in fact, has caused – confusion, mistake and/or deception of the public as to the origin of such products and services.

29. Defendant's use of the infringing "VapeSpot" mark has been made notwithstanding Smoke Free's prior existing and well-established rights in the "Vape Spot" mark and with both actual and constructive notice of Smoke Free's prior rights.  Defendants' actions constitute willful and deliberate violations of Smoke Free's intellectual property rights.

30. Defendant's use of the infringing "VapeSpot" mark has caused documented instances of confusion, mistake or deception as to source, association or affiliation of its goods and

**COMPLAINT**                                                                 **Page 7**

MCGAUGHEY ╫ ERICKSON
1500 SW 1st Ave, Ste 800
Portland, Oregon  97201
Tel (503) 223-7555 ● Fax (503) 525-4833
E-Mail: office@law7555.com

services. In addition, it has caused confusion, mistake or deception as to the origin of Smoke Free's goods and services.

31. Defendant's continued use of the infringing "VapeSpot" mark is likely to cause further confusion, mistake or deception as to source, association or affiliation of its goods and services and the nature of Smoke Free's goods and services.

32. Defendant's infringing activities have caused and, unless enjoined by the court, will continue to cause, irreparable injury and other damage to Smoke Free's business, reputation and goodwill in its "Vape Spot" mark, for which Smoke Free has no adequate remedy at law.

33. Smoke Free is entitled to recover its damages as well as Defendant's profits, in an amount to be proven at trial, along with its reasonable attorneys' fees and the costs of this action under 15 U.S.C. § 1117.

## SECOND CLAIM

### (Common Law Trademark Infringement & Unfair Competition)

34. Plaintiff Smoke Free realleges and incorporates the allegations set forth above in paragraphs 1 through 25.

35. Defendant's activities in opening and marketing a store with the mark "VapeSpot" in a market in which Smoke Free's "Vape Spot" shop and lounge already existed, in a similar line of business is likely to divert business from Smoke Free and deceive and confuse the public.

36. Defendant's acts constitute common law trademark infringement and unfair competition in violation of the law of the State of Oregon. Defendant has created and will continue to

MCGAUGHEY ╫ ERICKSON
1500 SW 1st Ave, Ste 800
Portland, Oregon 97201
Tel (503) 223-7555 ● Fax (503) 525-4833
E-Mail: office@law7555.com

create a likelihood of confusion as to Smoke Free's "Vape Spot" mark. Unless restrained by this court, Defendant's acts will result in irreparable injury and other damage to Smoke Free's business, reputation and goodwill in its "Vape Spot" mark, for which Smoke Free has no adequate remedy at law.

37. Defendant acted without regard to the likelihood of confusion by the public created by opening its retail store in Multnomah County and marketing and promoting its products under the infringing "VapeSpot" mark.

38. As a result of the common law trademark infringement and unfair competition described above, Smoke Free is entitled to relief, including recovery of Defendant's profits, actual damages and costs. At a minimum, Smoke Free is entitled to injunctive relief to prevent Defendant from causing irreparable harm to Smoke Free's business, reputation and goodwill.

## THIRD CLAIM

### (State Trademark Dilution & Injury to Business Reputation)

39. Plaintiff Smoke Free realleges and incorporates the allegations set forth above in paragraphs 1 through 25.

40. Smoke Free has expended significant efforts in promoting its "Vape Spot" mark in the State of Oregon. As a result, Smoke Free's "Vape Spot" mark has become a famous, distinctive and well-known tradename and symbol among the vaping community in Oregon and among tourists visiting Portland, Oregon from outside the State of Oregon.

41. Defendant's use of the infringing "VapeSpot" mark dilutes and is likely to dilute the distinctiveness of Smoke Free's mark by undermining an ordinary customer's

COMPLAINT                                                                                         Page 9

MCGAUGHEY ╬ ERICKSON
1500 SW 1st Ave, Ste 800
Portland, Oregon 97201
Tel (503) 223-7555 ● Fax (503) 525-4833
E-Mail: office@law7555.com

identification of the mark with Smoke Free's in violation of ORS 647.107.

42. Defendant's actions have caused Smoke Free irreparable harm and, unless enjoined, will continue to cause Smoke Free irreparable harm and a likelihood of confusion among ordinary customers, in addition to injury to Smoke Free's valuable reputation and the goodwill associated with Smoke Free's "Vape Spot" mark.

43. As a result of the dilution and injury to business reputation described above, Smoke Free is entitled to relief, including injunctive relief, Smoke Free's actual damages as well as Defendant's profits, in an amount to be proven at trial, and its reasonable attorneys' fees and the costs of this action under ORS 647.105 & 647.107.

## FOURTH CLAIM

### (Unjust Enrichment)

44. Plaintiff Smoke Free realleges and incorporates the allegations set forth in the paragraphs above.

45. In committing the acts alleged herein, Defendant willfully and knowingly copied and infringed Smoke Free's "Vape Spot" mark for its own purposes.  As a direct and proximate result of these improper acts, Defendant has been unjustly enriched.

46. Smoke Free has suffered and will continue to suffer loss of business, reputation, profits and goodwill because of Defendant's conduct. Defendant's improper acts have caused and are continuing to cause irreparable injury to the reputation and goodwill Smoke Free has established by its use of the "Vape Spot" mark in commerce.

47. Smoke Free is therefore entitled to an award of Defendant's unjust profits and Smoke Free's lost profits.

MCGAUGHEY ╫ ERICKSON
1500 SW 1st Ave, Ste 800
Portland, Oregon  97201
Tel (503) 223-7555 ● Fax (503) 525-4833
E-Mail: office@law7555.com

**Demand for Jury Trial**

48. Smoke Free respectfully demands a trial by jury on all claims and issues so triable.

**Prayer for Relief**

WHEREFORE, Smoke Free requests the court enter judgment against VapeSpot LLC as follows:

That Smoke Free be awarded its actual damages and/or a disgorgement of Defendant's profits, in an amount to be determined at trial, as well as its reasonable attorneys' fees and the costs of this action (including expert fees) pursuant to 15 U.S.C. § 1117, together with interest, including prejudgment interest, as allowed by law;

That the award of Smoke Free's damages and/or Defendants' profits be trebled as a result of Defendants' willful, knowing and deliberate violation of Smoke Free's rights;

That the Court finds this case to be exceptional; and

That Defendant and its agents, members, employees, successors and assigns be preliminarily and permanently enjoined from causing or abetting any of the following actions:

(A) Directly or indirectly infringing Smoke Free's "Vape Spot" mark;

(B) Further violating Smoke Free's property rights and goodwill;

(C) Continuing to use the infringing "VapeSpot" mark at Defendant's retail location in Oregon, including but not limited to using the infringing mark in the sale, offer for sale, promotion, advertising, marketing and/or distribution of Defendant's products or services, or use of any mark, name, logo or design which is a variant of, simulates or is a colorable imitation of or imitates Smoke Free's "Vape Spot" mark in a manner that is likely to deceive or cause confusion or mistake as to the source of Defendant's

**COMPLAINT**                                                                                                                          Page 11

MCGAUGHEY ╬ ERICKSON
1500 SW 1st Ave, Ste 800
Portland, Oregon  97201
Tel (503) 223-7555 ● Fax (503) 525-4833
E-Mail: office@law7555.com

goods or services or an association or affiliation with Smoke Free; and

(D) Continuing to unfairly compete with Smoke Free in any manner.

That Smoke Free be awarded any other relief the court finds just and equitable.

Dated: October 26, 2016.

**MCGAUGHEY ǂ ERICKSON**

By: _s/ Aurelia Erickson_____
Aurelia Erickson, OSB #126170
aurelia@law7555.com
1500 SW 1st Ave., Ste. 800
Portland, OR 97201
Tel. (503) 223-7555

**Res Nova Law**
Susan Bristow-Ford, OSB #970362
susan@resnovalaw.com
1455 NW Irving Street, Ste. 200
Portland, OR 97200
Tel. (971) 247-4023

*Counsel for Plaintiff*

**COMPLAINT**                                                                                          **Page 12**

MCGAUGHEY ǂ ERICKSON
1500 SW 1st Ave, Ste 800
Portland, Oregon  97201
Tel (503) 223-7555 ● Fax (503) 525-4833
E-Mail: office@law7555.com